# FINANCIAL DISCLOSURE REPORT

## FOR CALENDAR YEAR 2008

*Report Required by the Ethics in Government Act of 1978, (5 U.S.C. app. §§101-111)*

| 1. Person Reporting *(Last name, first, middle initial)* | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Irenas, Joseph E. | United States District Court | 05/15/2009 |

| 4. Title *(Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)* U.S. District Judge - Senior | 5a. Report Type (check appropriate type) ___ Nomination, Date _____ ___ Initial __X__ Annual ___ Final | 6. Reporting Period 01/01/2008 to 12/31/2008 |
|---|---|---|
| | 5b. ___ Amended Report | |

| 7. Chambers or Office Address P.O. Box 2097 Camden, NJ 08101 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. Reviewing Officer _____ Date_____ |
|---|---|

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of Instructions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| ✓ NONE (No reportable positions.) | |
| 1 | |
| 2 | |
| 3 | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of Instructions.)*

| DATE | PARTIES AND TERMS |
|---|---|
| ✓ NONE (No reportable agreements.) | |
| 1 | |
| 2 | |

RECEIVED 2009 MAY 20 A 11: 44 FINANCIAL DISCLOSURE OFFICE

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of Instructions.)*

| DATE | SOURCE AND TYPE | INCOME |
|---|---|---|

### A. Filer's Non-Investment Income

| | | |
|---|---|---|
| ✓ NONE (No reportable non-investment income.) | | |
| 1 | | $ |
| 2 | | $ |
| 3 | | $ |

### B. Spouse's Non-Investment Income - If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

| | |
|---|---|
| ✓ NONE (No reportable non-investment income.) | |
| 1 | |
| 2 | |

Irenas_Joseph_E

# FINANCIAL DISCLOSURE REPORT

| Name of Person Reporting | Date of Report |
|---|---|
| Irenas, Joseph E. | 05/15/2009 |

## IV. REIMBURSEMENTS -- transportation, lodging, food, entertainment.
*(Includes those to spouse and dependent children. See pp. 25-27 of Instructions.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| ✓ | NONE (No such reportable reimbursements.) | |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of Instructions.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| ✓ | NONE (No such reportable gifts.) | | |
| 1 | | | $ |
| 2 | | | $ |
| 3 | | | $ |
| 4 | | | $ |

## VI. LIABILITIES. *(Includes those of spouse and dependent children See pp. 32-33 of Instructions.)*

| | CREDITOR | DESCRIPTION | VALUE CODE* |
|---|---|---|---|
| ✓ | NONE (No reportable liabilities.) | | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

| *Value Codes: | J=$15,000 or less | K=$15,001-$50,000 | L=$50,001-$100,000 | M=$100,001-$250,000 |
|---|---|---|---|---|
| | N=$250,001-$500,000 | O=$500,001-$1,000,000 | | P1=$1,000,001-$5,000,000 |
| | P2=$5,000,001-$25,000,000 | P3=$25,000,001-50,000,000 | | P4=$50,000,001 or more |

# FINANCIAL DISCLOSURE REPORT

| | |
|---|---|
| Name of Person Reporting | Date of Report |
| Irenas, Joseph E. | 05/15/2009 |

## VII. Page 1 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A. Description of Assets (including trust assets) *Place "(X)" after each asset exempt from prior disclosure.* | B. Income during reporting period (1) Amt. Code1 (A-H) | (2) Type (e.g., div., rent or int.) | C. Gross value at end of reporting period (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| NONE (No reportable income, assets, or | | | | | | | | | |
| 1 Bank of America Checking Account | A | Interest | K | T | | | | | |
| 2 J.P. Morgan Chase Sav. Cert. | B | Interest | K | T | | | | | |
| 3 Shares in corp./Princeton bldg. | E | Rent | O | W | | | | | |
| 4 Wachovia Bank IRA | A | Interest | J | T | | | | | |
| 5 Wachovia Bank IRA | A | Interest | J | T | | | | | |
| 6 Smith Barney Money Market | A | Interest | K | T | | | | | |
| 7 Rhodia Inc. ▬▬ | None | | J | T | | | | | |
| 8 Bank of America 7% sub. Bond | B | interest | | | bought | 7/28 | J | | |
| 9 Bank of Amer. Invest Serv. Money Market | A | Dividend | J | T | | | | | |
| 10 NJ EDA Heating & Cooling Due 12/01/2010 Comment B | B | Interest | K | T | redeemed | 12/01 | J | none | |
| 11 NJ State Tpk Auth. 01/01/2009 | A | Interest | | | redeemed | 1/3 | J | none | |
| 12 Pleasantville NJ Sch D. Due 10/01/13 | A | Interest | J | T | | | | | |
| 13 Mediscience Technology Corp., ▬▬ | None | | J | T | | | | | |
| 14 Intentionally left blank | | | | | | | | | |
| 15 Lindenwold Boro NJ Bd Ed Sch FSA Maty 06/01/11 | A | Interest | K | T | | | | | |
| 16 NJ State Transp. TR FD Trans. Sys. 06/15/2008 | A | Interest | | | matured | 6/15 | K | none | |
| 17 NJ EDA State Lease Ref. 03/15/2022 | A | Interest | J | T | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001- $100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001- $100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market |

## VII. Page 2 INVESTMENTS and TRUSTS -- income, value, transactions  *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A. Description of Assets (including trust assets) | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Place "(X)" after each asset exempt from prior disclosure. | (1) Amt. Code1 (A-H) | (2) Type (e.g., div., rent or int.) | (1) Value Code2 (J-P) | (2) Value Method Code (Q-W) | (1) Type (e.g., buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 18  Intentionally left blank | | | | | | | | | |
| 19  Middletown Twp. NJ Bd. Ed. T/O , Dated 02/15/01; Due 08/01/27 | A | Interest | J | T | | | | | |
| 20  Fidelity IRA; See Comment A | E | Dividend & Interest | O | T | | | | | |
| 21  - Fidelity Retirement Money Market | | | | | | | | | |
| 22  - Fidelity Magellan | | | | | | | | | |
| 23  - Fidelity Contrafund | | | | | | | | | |
| 24  - Fidelity OTC Portfolio | | | | | | | | | |
| 25  - Fidelity Overseas | | | | | | | | | |
| 26  Morgan Stanley Bk. 3.25% CD | A | interest | M | T | bought | 11/27 | M | | |
| 27  Goldman Sachs Bk 4% CD | A | interest | M | T | bought | 12/3 | M | | |
| 28  Wachovia Bank Checking Account | None | | | | closed acct. | 8/15 | J | none | |
| 29  6½% interest in music publishing business located in Europe | F | Dividend | O | W | | | | | |
| 30  Insurance Trust; See Comment C | E | Dividend | N | T | | | | | |
| 31  Manulife Whole Life Policy | A | Dividend | K | T | | | | | |
| 32  Mass Mutual Whole Life Policy | A | Dividend | J | T | | | | | |
| 33  Bank of America Savings Certificate | C | Interest | M | T | | | | | |
| 34  J.P. Morgan Chase Checking Acct. | None | | J | T | | | | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001- $100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001- $100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market | |

# FINANCIAL DISCLOSURE REPORT

| Name of Person Reporting | Date of Report |
|---|---|
| Irenas, Joseph E. | 05/15/2009 |

## VII. Page 3 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-60 of Instructions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure. | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amt. Code1 (A-H) | (2) Type (e.g., div., rent or int.) | (1) Value Code2 (J-P) | (2) Value Method Code (Q- ) | (1) Type (e.g., buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| **NONE** (No reportable income, assets, or transactions) | | | | | | | | | |
| 35 Oppenheimer NJ Muni Fund Class A | C | Interest | K | T | | | | | |
| 36 ▓▓▓ Amgen | None | | J | T | | | | | |
| 37 | | | | | | | | | |
| 38 | | | | | | | | | |
| 39 | | | | | | | | | |
| 40 | | | | | | | | | |
| 41 | | | | | | | | | |
| 42 | | | | | | | | | |
| 43 | | | | | | | | | |
| 44 | | | | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001-$100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001- $100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Mar et | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | Joseph E. Irenas | 05/15/2009 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS  (Indicate part of Report.)

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance ~~████~~ he provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353 and Judicial Conference regulations.

Signature _____  Date 5/15/09 _____

NOTE: A~~████~~DIVIDUAL W O KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SU JECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104.)

**FILING INSTRUCTIONS:**

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the
  United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C.  20544

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS (Indicate part of Report.)

A. (Items 20 through 27) McCarter & English maintained a KEOGH Retirement Plan for all partners in the firm. When I withdrew from the firm, my interest in the plan was segregated into a separate account so that it is managed at my sole discretion distinctly apart from the firm's general retirement plan. Effective January 1, 1996, all participants in the plan were required to invest their accounts in one of ten mutual funds offered by Fidelity Investments, Boston, Massachusetts. Each fund participant was permitted to switch back and forth between any of these funds, but could not otherwise choose other investments. As with all mutual funds, actual investments are controlled by fund managers. Effective May 8, 2002, I withdrew from the McCarter & English plan and rolled over my entire account into an individual IRA where I was permitted to choose investments other than Fidelity funds. However, I made no change in the particular Fidelity funds in which I have been invested, although in 2008 I did transfer Money Market funds into two specific investment selected by me (Nos. 26 and 27 ). In Part VII, I have listed values for the IRA as a whole and below that I have listed the specific funds or assets in which I am invested. I am doing that pursuant to the instructions given in correspondence from the Committee dated August 6, 2002. Item No. 20 represents the value for the entire IRA. Items 21-27 represent component parts of the IRA. I gather it is not required to complete Columns B and C for the individual component parts which are mutual funds where I do not control the investments. However, I have provided individual information for Nos. 26 and 27, even though these amounts are also included in the entire IRA total in No. 20.

B. (Item 10) Issuer called one of my seven bonds. Sections B and C show value and income codes for the six remaining bonds. Section D reflects codes for the one bond redeemed.

C. (Item 30) Before I became a Judge, I had created a life insurance trust to which I transferred four policies, three issued by Mass Mutual and one by Northwestern Mutual. Depending on circumstances, ⬛⬛⬛⬛⬛ will be beneficiaries of the trust when I die. The Trustee is an individual attorney. I have been paying the premiums to the Trustee, but since ⬛⬛⬛⬛⬛ are the beneficial owners of the trust, these payments to the Trustee for premiums are treated as gifts to the beneficial owners. All four policies are whole life policies which have cash values. The value code in Column B(1) reflects all dividends received by the Trustee whether or not paid out in cash or used to reduce premiums. The value code in Column C(1) reflects the combined cash value of the four policies in the trust. Dividends not used to reduce premiums are paid by the Trustee to ⬛⬛⬛ as beneficial owner of the trust.

In prior years, policy loans were made on some policies to pay a portion of the premiums. Dividends have also been used to pay interest on policy loans.